UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MYESHA MCGEE,<br>    Plaintiff,<br>  v.<br><br>STATE OF MICHIGAN,<br>    Defendant.<br>_____/ | Case No. 24-11577<br><br>Mark A. Goldsmith<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL OF PLAINTIFF'S COMPLAINT

**I.    BACKGROUND**

Plaintiff Myesha McGee filed a lawsuit against the State of Michigan on June 15, 2024. (ECF No. 1). Plaintiff was granted leave to proceed *in forma pauperis*. (ECF No. 5). She raised claims against the State of Michigan based on what appears to be eviction actions taken by officials in state court. She alleges that these actions violated her Fourth and Fourteenth Amendment rights and the Centers for Disease Control's ("CDC") order temporarily halting residential evictions. She seeks millions of dollars in damages.

This is Plaintiff's second lawsuit in two months against Michigan for the same conduct; the complaints are nearly identical. Her first lawsuit was summarily dismissed because Michigan is immune from suit for monetary damages and

because the CDC's halt order created no private right of action. *McGee v. Michigan*, 2024 WL 2263340 (E.D. Mich. May 14, 2024).

This case was referred to the undersigned to conduct all pretrial proceedings. (ECF No. 9). The undersigned recommends dismissal of this lawsuit for the same reasons *McGee* was dismissed.

## II. ANALYSIS AND RECOMMENDATIONS

### A. Governing Standards

A court must dismiss a case filed *in forma pauperis* if "at any time, [ ] the court determines that . . . the action or appeal fails to state a claim on which relief may be granted," or if the allegation of poverty is untrue, the action or appeal is frivolous or malicious, seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). "[T]he court may screen and dismiss cases from plaintiffs proceeding *in forma pauperis* if they are frivolous, malicious, or fail to state a claim." *Parker v. Washington*, 2021 WL 11549708 (E.D. Mich. May 17, 2021); *see also Dorr v. Ford Motor Co.*, 2011 WL 5857886, at *10 (E.D. Mich. Sept. 7, 2011) ("This Court properly utilizes its screening function under 28 U.S.C. § 1915(e)(2)(B) and seeks to eliminate vexatious cases. To the extent that some cases survive that initial screening, there is nothing to prevent the defendants from filing an early motion to dismiss."). A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

B. <u>Discussion</u>

The reasons Plaintiff's first lawsuit was dismissed are the same reasons why this lawsuit should be dismissed. The Court adequately and succinctly explained those reasons:

> The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Section 1983 provides a civil enforcement mechanism and remedy for constitutional injuries caused by defendants who act under color of state law. *Ford v. Cnty. of Grand Traverse*, 535 F.3d 483, 494 (6th Cir. 2008). Though 42 U.S.C. § 1983 was adopted pursuant to § 5 of the Fourteenth Amendment, Congress did not indicate its intent to abrogate state sovereign immunity and therefore, Eleventh Amendment immunity is preserved. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). "It is well established that § 1983 does not abrogate the Eleventh Amendment and that Michigan has not consented to the filing of civil rights suits against it in federal court." *Timmer v. Mich. Dep't of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997). Accordingly, Plaintiff's claims under the Fourth and Fourteenth Amendment against the State of Michigan, which can be enforced only through § 1983, are barred by sovereign immunity.
>
> Similarly, to the extent Plaintiff asserts a claim against the State of Michigan for violations of the CDC's Temporary Halt in Residential Evictions to Prevent the

> Further Spread of COVID-19 ("CDC Order"), courts have repeatedly held that the CDC Order did not create a private right of action. *Goodall v. Casper*, 2023 WL 3553130, at *3 (W.D. Ky. May 18, 2023) (collecting cases). Thus, the amended complaint fails to state a claim in this regard.

*McGee*, 2024 WL 2263340, at *1-2.

For these reasons, the undersigned recommends that this case be **DISMISSED** under 28 U.S.C. § 1915(e).

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the case be **DISMISSED** under 28 U.S.C. § 1915(e).

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections lack merit, it may rule without awaiting the response.

Date:  September 26, 2024.

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on September 26, 2024.

s/Sara Krause
Case Manager
(810) 341-7850