UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYESHA McGEE,

    Plaintiff,                                  Case No. 24-cv-11577

v.                                                  HON. MARK A. GOLDSMITH

STATE OF MICHIGAN,

    Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION (Dkt. 11) AND (2) SUMMARILY
DISMISSING PLAINTIFF'S COMPLAINT (Dkt. 1)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Curtis Ivy, Jr., issued on 9/26/24 (Dkt. 11). In the R&R, the Magistrate Judge recommends summary dismissal of Plaintiff Myesha McGee's complaint (Dkt. 1).

The parties have not filed objections to the R&R, and the time to do so has expired.[1] See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or

---

[1] The R&R was mailed to McGee but was returned as undeliverable. It is the responsibility of the parties to notify the Court of address changes. E.D. Mich. L.R. 11.2. McGee was notified of this responsibility. See Notice (Dkt. 4).

omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and accepts the recommendation.

Accordingly, the Court summarily dismisses McGee's complaint (Dkt. 1).

SO ORDERED.


Dated: November 5, 2024              s/Mark A. Goldsmith
       Detroit, Michigan             MARK A. GOLDSMITH
                                     United States District Judge